UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PAUL JENNINGS,

                                  Plaintiff,                      **REPORT AND RECOMMENDATION**

    -against-

                                                                          12 Civ. 6926 (NSR)(JCM)

COMMISSIONER OF SOCIAL
SECURITY,

                                  Defendant.
----------------------------------------------------------x

To the Honorable Nelson S. Román, United States District Judge:

Plaintiff, through his attorney Thomas Williams, commenced this action on September 11, 2012. (Docket No. 1). The docket reflects that the Clerk issued a Summons "as to the Commissioner of Social Security, U.S. Attorney and U.S. Attorney General" that same day. However, Plaintiff never filed proof that he served Defendant within the 120 days required by Rule 4(m) of the Federal Rules of Civil Procedure.

On February 13, 2015, this Court ordered Plaintiff to show cause why this action should not be dismissed. (Docket No. 5). Rule 4(m) prescribes:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff's attorney filed a response to this Court's Order to Show Cause on February 18, 2015. (Docket No. 6). In it, Plaintiff argues, *inter alia*, that that he "never received the Summons issued by the Clerk, nor was it ever sent or e-mailed to me"—essentially blaming the Court for his failure to serve the Complaint and Summons on his adversary. (Docket No. 6). Plaintiff's attorney argues, "I am aware of Rule 4(m)." However, he is apparently not familiar with the part

of that rule that specifies that "[t]he *plaintiff is responsible* for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Fed R. Civ. P. 4(c)(1) (emphasis added). Even if Plaintiff's attorney is correct in claiming that the docket is inaccurate and that the Clerk did not sign and seal the Summons, this does not excuse his responsibility to prepare and present the Summons to the Clerk under Rule 4(a) and (b) or to serve those documents within 120 days of filing his Complaint under Rule 4(m).

Put simply, Plaintiff's attorney has failed to carry out his responsibility of "having the summons and complaint served . . . ." Fed. R. Civ. P. 4(c)(1). Moreover, the 120 day deadline has long expired, as Plaintiff filed this action over two years ago. Finally, although Plaintiff's attorney appears to take some responsibility for his failure,[1] Plaintiff has not shown good cause why an extension should be granted. As the Second Circuit has held, "[a]ttorney error does not constitute good cause under Rule 4(m)." *Counter Terrorist Grp. U.S. v. New York Magazine*, 374 F. App'x 233, 235 (2d Cir. 2010).

Accordingly, I conclude and respectfully recommend that that this action be dismissed for failure to serve Defendant within the time limits imposed by Federal Rule of Civil Procedure 4(m).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file written objections. *See* Fed. R. Civ. P. 6(a) and (d) (rules for computing time). A party may respond to another party's objections within fourteen (14) days after being served with a copy. Objections and responses to objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Nelson S.

---

[1] In an unclear sentence, Plaintiff's attorney submits that Plaintiff "should not suffer due to [P]laintiff's attorney's office [sic] oversight." (Docket No. 6).

Román at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Requests for extensions of time to file objections must be made to the Honorable Nelson S. Román and not to the undersigned. Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be rendered. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 6(d), 72(b); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Dated:   February 20, 2015
         White Plains, New York

**SO ORDERED:**

_____
JUDITH C. McCARTHY
United States Magistrate Judge